**JASON D. LAMM # 018454**
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, AZ  85006-1047
Telephone: (602) 222-9237
Facsimile: (602) 222-2299
Email:  jlamm@cyberlawaz.com

**JEFFREY H. JACOBSON # 019502**
Jacobson Law Firm
570 N. Columbus Blvd., Ste. B
Tucson, AZ  85711-2972
Telephone: (520) 834-8034
Facsimile: (520) 844-1011
Email:  jeff@jacobsonlawfirm.net
**Attorneys for Defendant BROWN**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No.: 2:24-cr-00355-SPL |
| Plaintiff, | DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS STATEMENTS |
| vs. | |
| Larry Edward Brown, Jr., | |
| Defendant | |

      The Government's Response to Defendant's Motion to Suppress Statements (Doc. 50) is replete with factual inconsistencies, information that is not contained in the disclosed reports prepared by the investigating special agents, and which generally make *ad hoc* claims that are simply unsupported by the record. The Government's Response takes broad factual license to

paint a picture that refutes Defendant's arguments. Problematically for the Government, however, is that its new narrative contradicts and is incongruous with its reports and other record evidence. For the reasons set forth in this Reply, and to reconcile the significant factual disputes between the parties as to this issue, Defendant replies to the Government's Response and re-urges his request to set an Evidentiary Hearing at the earliest practical opportunity.

While the Government's Response benignly suggests that Defendant was taken to SCMC "for evaluation," the medical records disclosed by the Government belie this claim. In fact, those medical records show that Defendant presented to the emergency department "with a chief complaint of emotional shock and anhedonia."[1]

Further, the Government's Response suggests that SA Hannah located Defendant's supervisor, IRS SSA DeAndre and that thereafter, SA Hannah knocked on the door and asked Defendant's permission to enter. Yet nowhere, in any report written by SA Hannah, did SA Hannah ever mention that she knocked on the door to Defendant's hospital room to obtain consent to enter. In fact, SA Hannah's initial report states that SSA DeAndre was *with* Defendant when she first entered Defendant's hospital room. SA Hannah's initial report also lacks any reference whatsoever to Defendant making any inculpatory statements. Defendant anticipates that SSA DeAndre will testify and confirm the same.

Finally, the Government's Response paints a dramatic and histrionic picture of the Defendant "crying and rocking back and forth with his eyes

---

[1] Rather than lodge Defendant's medical records under seal, defense counsel avow the contents of the medical records cited herein with an assurance to the Court that they will be presented as evidence at a future Evidentiary Hearing.

closed" in his hospital bed (Response at 2:25-26).  Once again, those critical facts are noticeably absent from any of SA Hannah's reports.

      Because the Court will undoubtedly need to hold an Evidentiary Hearing to resolve these disputed issues of fact and credibility, which bear directly on the legal issues presented in Defendant's Motion to Suppress, the defense opts for brevity in this pleading. Simply put, Defendant contends that he did not make the statements claimed by SA Hannah and that any statements Defendant *could* have made were involuntary in nature. Moreover, any efforts by SA Hannah to surreptitiously monitor Defendant's conversations while speaking to medical personnel or to his attorney on the phone – something that SA Hannah's observations and records produced confirmed – were obtained in violation of one or more applicable privileges.

      Respectfully submitted this 22nd day of October, 2024.

/s/ Jason D. Lamm
Jason D. Lamm

/s/ Jeffrey H. Jacobson
Jeffrey H. Jacobson
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2024, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and notice will be sent to all parties by operation of the Court's electronic filing system.

/s/ Danielle Oesterle