**JASON D. LAMM # 018454**
**Law Office of Jason Lamm**
**2501 North Seventh Street**
**Phoenix, AZ 85006-1047**
**Telephone: (602) 222-9237**
**Facsimile: (602) 222-2299**
**Email: jlamm@cyberlawaz.com**

**JEFFREY H. JACOBSON # 019502**
**Jacobson Law Firm**
**570 N. Columbus Blvd., Ste. B**
**Tucson, AZ 85711-2972**
**Telephone: (520) 834-8034**
**Facsimile: (520) 844-1011**
**Attorneys for Defendant BROWN**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**, | Case No.: 2:24-cr-00355-SPL |
| Plaintiff, | **DEFENDANT'S MOTION TO COMPEL** |
| vs. | |
| **Larry Edward Brown, Jr.**, | Defendant Out Of Custody |
| Defendant | |

Defendant, through undersigned counsel, hereby moves this Court to enter an Order compelling the United States to produce to the defense call and SMS logs (toll records) of FBI SA Taylor Hannah for the dates of August 17, 2023 to August 31, 2023, inclusive, for the reasons set forth herein.

I.     <u>Factual Introduction</u>

On November 19, 2024, defense counsel requested that the Government produce to the defense "a copy of call and SMS logs for SA

Hannah's government issued / work cell phone for the period of time of August 17, 2023 through August 31, 2023." (Exhibit 1). Recognizing the potential sensitivity of the requested records, defense counsel agreed to an "attorneys' eyes only" protective order whereby the records could only be viewed by defense counsel and no one else. *Id.*

Somewhat misconstruing the defense's request, on November 26, 2024, the Government responded "After consulting with Agent Hannah, we can confirm that the requested text messages on her phone do not contain any *Jenks* [sic] / Section 3500 material." *Id.* After clarifying the request for production encompassed only logs, and not substantive content of SA Hannah's communication, defense counsel certified the good faith nature of the request, stating "[w]e avow to you that this request in made in furtherance of our pursuit of a defense that we are considering raising at trial." *Id.* The Government responded that it had no obligation under Rule 16, Federal Rules of Criminal Procedure, to produce the materials sought and that the defense's request "encompasses toll records relating to other (unrelated) criminal investigations and fugitive operations that contain sensitive law enforcement information." *Id.*

The defense then renewed its aforementioned avowal and agreement to a stringent protective order, but declined to provide the Government with its rationale for the request on grounds that defense counsel's strategy and mental impressions surrounding the request are protected by the work product privilege. *Id.*

The Government has maintained its refusal to produce the requested materials and this timely filed Motion followed.

II.  Argument

The discovery obligations under Rule 16(a)(1)(E) cover only items in the Government's possession, custody or control. SA Hannah is an agent of the Government and is the lead investigator in this case. Therefore, she is an agent of the Government such that her (work) cell phone records are subject to examination or inspection by the defense. The Ninth Circuit has made clear that "'the scope of the government's obligation' turned on 'the extent to which the prosecutor has knowledge of and access to the [item].'" *United States v. Santiago,* 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir. 1989)). Rule 16 does not require that the requested documents be admissible; rather, evidence is discoverable under Rule 16 "even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence." *United States v. Price*, 566 F.3d 900, 913 n. 14 (9th Cir. 2009).

"A defendant must make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995). This showing requires a defendant to provide "specific facts, beyond allegations" to support a claim of materiality. *Id.* at 894-95. It "behooves the Government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case." *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). "Materiality is a low threshold; it is satisfied so long as the information [ ] would have helped [the defendant] prepare a defense." *Id.*

Defendant has twice avowed to the Government that the information sought is material, helpful, and "further[s] of our pursuit of a defense that we are considering raising at trial." The Government has done nothing to rebut or

refute this avowal. But so as to avoid doubt, Exhibit A hereto (filed *ex parte* and under seal) contains defense counsel's work product strategy and rationale supporting its request.

The Government's basis for its refusal to produce the requested information is unavailing. Notwithstanding its unilateral assertion that the records do not contain anything that is discoverable under *Jencks* or 18 U.S.C. § 3500, the standard for materiality under Rule 16 is more expansive than that under *Brady/Giglio. See United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013*)* ("Rule 16 is thus broader than *Brady*. Information that is not exculpatory or impeaching may still be relevant to developing a possible defense."). Moreover, a district court's Rule 16 inquiry is not a mere *fait accompli* simply because the Government says the requested information is not material. "[T[he district court should not merely defer to government assertions that discovery would be fruitless." *United States v. Budziak*, 697 F.3d 1105, 1112-13 (9th Cir. 2012). "[C]riminal defendants should not have to rely solely on the government's word that further discovery is unnecessary." <u>Id.</u> at 1113.

III.  Conclusion

Based on both defense counsel's avowal, as well as the contents of Exhibit A, the Court should make a finding that Defendant has made the requisite showing of materiality and grant the instant Motion such that the Government be ordered to produce to the defense toll records of any calls or SMS messages made/sent or received on her Government-issued work phone between the dates of August 17, 2023 and August 31, 2023, inclusive.

//

//

Respectfully submitted this 2nd day of December, 2024.

/s/ Jason D. Lamm  
Jason D. Lamm

/s/ Jeffrey H. Jacobson  
Jeffrey H. Jacobson  
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this date, I emailed the attached document to all parties of record in the Court's ECF System.

/s/ Jason D. Lamm  
Jason D. Lamm  
Attorney for Defendant Brown