**JASON D. LAMM # 018454**
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, AZ  85006-1047
Telephone: (602) 222-9237
Facsimile: (602) 222-2299
Email:  **jlamm@cyberlawaz.com**

**JEFFREY H. JACOBSON # 019502**
Jacobson Law Firm
570 N. Columbus Blvd., Ste. B
Tucson, AZ  85711-2972
Telephone: (520) 834-8034
Facsimile: (520) 844-1011
Email:  **jeff@jacobsonlawfirm.net**
Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**, | Case No.: 2:24:cr-00355-SPL |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE NO. 1 RE: EXPERT TESTIMONY** |
| vs. | |
| **Larry Edward Brown, Jr.**, | |
| Defendant | |

Defendant, through undersigned counsel and for the reasons below, moves *in limine* to preclude Drs. Hoang Lim and Joseph Sucher from offering any opinions or testimony beyond what is contained in the Victim's medical records.

1

Drs. Sucher and Lim are surgeons who operated on the Victim at HonorHealth Deer Valley. The Government's Notice (Doc. 111) proffers the following testimony:

> These employees, and/or other employees of Daisy Mountain Rescue, the Phoenix Fire Department, and Deer Valley Medical Center (DVMC), will testify regarding their diagnoses, care, and treatment of the victim, the cause, nature, and extent of the victim's injuries resulting from the subject gunshot, how the victim initially presented to them, the extent and nature of the victim's injuries, and the steps they took to try to save the victim's life.

*Id.* at 2:23-28.

Neither physician has authored a report containing <u>any</u> opinions they may offer at trial. Federal Rule of Criminal Procedure 16(a)(1)(G)(iii) requires the Government, for any expert witness, to disclose "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C); the bases and reasons for them; the witness's qualifications, including a list of all publications authored in the previous 10 years; and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." *Id.* The Government has not made *any* disclosure to the defense in accordance with the applicable Rule.

In *Merchant v. Corizon Health, Inc.,* 993 F.3d 733, 739-40 (9th Cir. 2021) the Ninth Circuit held that "[a] treating physician who is expected to testify regarding opinions 'formed during the course of treatment' need not submit a detailed expert report. Regardless, disclosures of non-retained, treating physicians must include '(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or

705; and (ii) a summary of the facts **and opinions** to which the witness is expected to testify.'") (citations omitted) (emphasis supplied).

Moreover, as Judge Campbell noted in *Richter v. Romero*, 2024 WL 328923 (D. Ariz. January 18, 2024),

> If the treating physician's expert opinions stay within the scope of treatment and diagnosis, then the physician would not be considered "retained" to provide expert testimony and only summary disclosures would be needed. But if a treating physician is going to offer opinions formed outside the course of treatment and diagnosis, then as to those further opinions the physician is being used in a "retained expert" role and the Rule 26(a)(2)(B)'s report requirement will apply to the extent of that further testimony. (emphasis omitted.) *Id.* (quoting S. Gensler & L Mulligan, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 26 (2024) (footnotes citing cases omitted; emphasis added)).

In this case, however, the Government has failed to disclose any written opinion authored by a treating physician. The only reports produced are the Victim's medical records which contain routine, contemporaneous notes about their medical care and treatment. Nothing else. Critically, the Victim's medical records do not speak to causation, nor do they contain any reference whatsoever to any of the intervening circumstances identified by defense experts Tony Cole and Dr. Kenji Inaba.

For good cause demonstrated, and to comply with the mandates of Rule 16, the Court should enter an Order precluding the Government from introducing at trial any testimony from Drs. Lim and Sucher that are outside of the Victim's medical records, or that tends to rebut the defense's expert witnesses, both of whom have been properly disclosed pursuant to the applicable Federal Rule.

Respectfully submitted this 14th day of January 2025

/s/ Jason D. Lamm
Jason D. Lamm

/s/ Jeffrey H. Jacobson
Jeffrey H. Jacobson
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2025, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and notice will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kathryn A. Miller