**JASON D. LAMM # 018454**
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, AZ  85006-1047
Telephone: (602) 222-9237
Facsimile: (602) 222-2299
Email:  jlamm@cyberlawaz.com

**JEFFREY H. JACOBSON # 019502**
Jacobson Law Firm
570 N. Columbus Blvd., Ste. B
Tucson, AZ  85711-2972
Telephone: (520) 834-8034
Facsimile: (520) 844-1011
Email:  jeff@jacobsonlawfirm.net
**Attorneys for Defendant**

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**, | Case No.: 2:24:cr-00355-SPL |
| Plaintiff, | **DEFENDANT'S MOTION IN LIMINE NO. 2 AND OBJECTION TO GOVERNMENT'S NOTICE OF OTHER ACTS EVIDENCE (Doc. 110)** |
| vs. | |
| **Larry Edward Brown, Jr.**, | |
| Defendant | |

Defendant, through undersigned counsel, hereby moves *in limine* to preclude admission of the Government's intended Rule 404(b) evidence (Doc. 110). The Government contends that "this similar act evidence [ ] proves the absence of mistake or accident." *Id.* at 3:6-7. For the reasons discussed below, the Government's proffer, and the substantive allegations, fail to meet the stringent requirements for admission of 404(b) evidence.

1

## I.     Introduction

Noticeably absent from the Government's Notice is the fact that the alleged accidental discharge occurred in September of 2011 – *13 years* before the allegations in this case. Moreover, it occurred while Defendant was still a trainee at the Federal Law Enforcement Training Center (FLETC) during a magazine exchange drill, less than a month into his initial training.

The quantum of evidence in support of its 404(b) Notice is the secondhand hearsay statement of a FLETC firearms instructor (interviewed by investigators in this case) who was at the range 13 years ago but did not see the accidental discharge. While a Student Conduct Report (SCR) was completed, according to the Government's disclosure, the SCR no longer exists, nor is there any other documentation of the incident itself.

The only other evidence of the accidental discharge is the fact that Defendant completed an additional two-hour session of weapon handling drills without incident, graduated from FLETC as a Special Agent, and was later qualified as and became an IRS CI Firearms Instructor.

## II.     Legal Standard

Federal Rule of Evidence 404(b) provides for the admission of "other crimes, wrongs, or acts" for reasons other than to show criminal disposition. *United States v. Lague*, 971 F.3d 1032, 1038 (9th Cir. 2023); *United States v. Chea,* 231 F.3d 531, 534 (9th Cir. 2000). It is the "government's burden to show that the evidence offered is relevant, and that it is more probative than prejudicial." *United States v. Herrera-Medina,* 609 F.2d 376, 379 (9th Cir. 1979). "The government 'must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from other acts evidence.'"

*United States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985) (quoting United States v. Mehrmanesh, 689 F.2d 822, 830 (9th Cir. 1982)).

As such, the Government must establish that the evidence is probative of something else than character, and that it: (1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with sufficient evidence to show the act was committed; and (4) if admitted to prove intent, is similar to the offense charged. *See United States v. Verduzo*, 373 F.3d 1022, 1027 (9th Cir. 2004). As a predicate matter, the test for the admissibility always begins with relevance. *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997) (*citing Huddleston v. United States*, 485 U.S. 681, 687-88 (1988); *United States v. Hadley*, 918 F.2d 848, 850 (9th Cir. 1990)). Evidence must be material and probative to be admissible. Fed. R. Evid. 401, 402. Even if the relevancy is met, the evidence should be precluded if its prejudicial impact substantially outweighs its probative value. *Johnson*, 132 F.3d at 1282 (citation omitted); see also Fed. R. Evid. 403.

**III.    Argument**

    **A.    The Government's Efforts to Backdoor Intent Evidence in a Gross Negligence Case Should be Rejected**

The Government's efforts to introduce other acts evidence is a non-sequitur with respect to its theory of the case. Defendant is charged with involuntary manslaughter of a federal officer by handling and discharging his firearm in a grossly negligent manner. (See Doc. 1). But insofar as the proffered conduct "proves the absence of mistake or accident," acting in this fashion is impliedly intentional in nature. It suggests a *mens rea* that is inconsistent with the gross negligence that is specifically alleged in the

Indictment. On this basis alone, Defendant's objection to the Government's 404(B) Notice should be sustained.

The balancing test under Rule 403 also warrants preclusion. There is no evidence of any adjudication of the merits of the incident, nor any suggestion that Defendant was afforded due process such that it could not be used against him, even if for a limited purpose. Indeed, the Government has not offered the Court any evidence of the proffered other act other than the recollection of a firearms instructor who only learned of the incident through hearsay.

### B. The 404(b) Evidence Should be Precluded as Being Too Remote

Further, the probative value of the proffered evidence is diminished by its remoteness in time – concomitantly increasing its prejudicial effect. Indeed, if the purported incident was a felony conviction (with which there are guarantees of due process) before the act alleged in the Indictment, it would be inadmissible to impeach Defendant under Rule 609(b)(1) (Evidence of the conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect).

### C. The 404(b) evidence should be precluded as being too prejudicial, especially in the context of its limited probative value

In the Rule 403 context, unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory cmte note. "Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if

there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992). Here, the proffered other act evidence is devoid of any "specific facts and circumstances", let alone any semblance of due process to assure its trustworthiness and reliability.  Under these circumstances, it cannot be said that any potential probative value *substantially* outweighs any prejudicial effect.   If anything, introduction of the Government's 404(B) evidence would confuse the issues, mislead the jury, and inherently prejudice Defendant in this matter.

**D.     The 404(b) Evidence should be precluded as too dissimilar**

Other than the fact that a firearm discharged in both instances, the Government has failed to articulate a single fact demonstrating why these instances are similar such that they meet the requirements for Rule 404(b) admissibility. For these reasons, the Government should be precluded from introducing the prior accidental discharge.

Respectfully submitted this 14th day of January 2025

/s/ Jason D. Lamm
Jason D. Lamm
Jeffrey H. Jacobson
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2025, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and notice will be sent to all parties by operation of the Court's electronic filing system.

/s/ Kathryn A. Miller