**JASON D. LAMM # 018454**
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, AZ  85006-1047
Telephone: (602) 222-9237
Facsimile: (602) 222-2299
Email:  jlamm@cyberlawaz.com

**JEFFREY H. JACOBSON # 019502**
Jacobson Law Firm
570 N. Columbus Blvd., Ste. B
Tucson, AZ  85711-2972
Telephone: (520) 834-8034
Facsimile: (520) 844-1011
Email:  jeff@jacobsonlawfirm.net
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**, | ) Case No.: 2:24-cr-00355-SPL |
| Plaintiff, | ) **DEFENDANT'S MOTION IN LIMINE** |
| vs. | ) **No. 4 RE: STATEMENTS** |
| | ) **BY VICTIM** |
| **Larry Edward Brown, Jr.**, | ) |
| Defendant | ) |

Defendant, through counsel, moves *in limine* pursuant to Federal Rules of Evidence 401 and 403 to preclude the Government from introducing the Victim's post-shooting statement, "Larry's an effing idiot." The Government alleges that after the shooting occurred, Defendant rendered emergency medical aid to the Victim by placing chest seals on his wound. Thereafter, IRS CI Special Agent Justin Owens

entered the tower and tended to the Victim while Defendant called 911.  Per the FBI's FD-302 of its interview of Agent Owens, the Victim kept saying, "Larry's an effing idiot." Agent Owens also told the FBI that the Victim was "being a grump when people would make a mistake, [and that he] would get grumpy with them." For the reasons discussed below, the Government should be precluded from introducing testimony about Victim's statement that "Larry's an effing idiot."

I.   **Argument**

In *United States v. Alarcon-Simi*, 300 F.3d 1172 (2002), the Ninth Circuit recited the axiomatic principles of the excited utterance exception to the rule against the admission of hearsay:

> 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Hearsay is generally inadmissible in the guilt phase of a trial. Fed. R. Evid. 802.
>
> An out-of-court statement is admissible if it was an excited utterance as defined in Rule 803(2). An excited utterance is "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). At common law, a statement qualified as an excited utterance if three factors existed. First, "there must be some *occurrence, startling enough* to produce this nervous excitement and render the utterance spontaneous and unreflecting." 6 Wigmore, Evidence § 1750, at 202 (Chadbourn rev. 1976). Second, "the utterance must have been *before there had been time to contrive and misrepresent*, i.e., while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance." *Id.*, at 202-03. Third, "the utterance must *relate to the circumstances of the occurrence preceding it.*" *Id.*, at 222. Rule 803(2) does not deviate from the traditional concept of an excited utterance.

*Id.* at 1175-1176.  (emphasis in original).

The statement at issue does not meet the third prong of the test for admissibility and therefore must be precluded. The Victim's statement is the very definition of 'vague and ambiguous.' Reasonable people are left to guess as to the meaning of that phrase simply because it is so broad and subject to an endless universe of potential possibilities and interpretations. Whether "Larry's an effing idiot" does not explicitly relate to the circumstances of the shooting which preceded it. One reasonable interpretation is that the Victim was frustrated with Defendant; that alone, however, does not get the Government across the admissibility finish line. And because the Victim's statement could be misinterpreted, it is unduly prejudicial. Finally, whether Defendant is an "effing idiot" is not probative to any fact which the jury will be required to consider. Under Rule 403's well-worn balancing test, the risk of undue prejudice requires preclusion of the Victim's statement.

## II.     Conclusion

For these reasons, Defendant asks this Court to preclude the Victim's statement to Agent Owens that Defendant is "an effing idiot" because it is hearsay, is not subject to a recognized exception, is vague and ambiguous, and fails Rule 403's balancing test as more prejudicial than probative.

Respectfully submitted this 14th day of January, 2025.

/s/ Jason D. Lamm
Jason D. Lamm

/s/ Jeffrey H. Jacobson
Jeffrey H. Jacobson
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 14, 2025, I electronically submitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and notice will be sent to all parties by operation of the Court's electronic filing system.

                                              /s/ Kathryn A. Miller