GARY M. RESTAINO
United States Attorney
District of Arizona
MONICA E. RYAN
NATHANIEL J. WALTERS
Assistant U.S. Attorneys
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
Email: Monica.Ryan@usdoj.gov
       Nathaniel.Walters@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-24-0355-PHX-SPL |
| Plaintiff, | **GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DR. KENJI INABA, M.D., AND ANTHONY COLE** |
| vs. | |
| Larry Edward Brown, Jr., | |
| Defendant. | |

The United States of America, by and through its undersigned attorneys, respectfully moves this Court *in limine* to preclude the testimony and reports of Dr. Kenji Inaba, M.D., and Anthony Cole. Their testimonies and reports are irrelevant and would unfairly prejudice the United States, confuse and mislead the jury, and waste time. In addition, the defendant failed to meet the deadlines set by the Local Rules of Criminal Procedure for the District of Arizona. As such, the United States respectfully requests that the Court preclude their testimony and reports. This motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS OF AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

The Local Rules of Criminal Procedure for the District of Arizona require disclosure of the information required by the Federal Rule of Criminal Procedure 16(b)(1)(C) "no later than 45 days before the final pretrial conference." LRCrim 16.3(a)(1). The final

pretrial conference in this case is set for January 21, 2025, which means that the 45-day deadline for the defendant to disclose the required information under Rule 16 was December 6, 2024. Via a two-page letter dated December 6, 2024, the defendant provided "preliminary disclosure" of the expert witnesses he intends to call at trial, including Dr. Inaba, as well as the names and CVs of two witnesses, Mr. Cole and another potential expert who is not expected to testify, who could be called to testify about the emergency medical response. Defendant did not disclose the written report from Cole until December 16, 2024. Defendant further disclosed the underlying records upon which Cole relied when reaching his opinions on December 17, 2024.

In his report, Dr. Kenji Inaba, M.D., concludes that the "absence of an emergency action plan at the FCI range on August 17, 2023 represented a gross deviation from the accepted standard of care and norms in law enforcement. The absence of such a plan caused confusion, uncertainty, and a delay in the evacuation and administration of emergency medical care, to include surgical intervention, to Special Agent Bauer." Attachment A at Page 8. Dr. Inaba goes on to opine that the absence of an emergency action plan, "combined with the resulting delay in transporting Special Agent Bauer to a hospital for emergency care represented an independent and superseding cause of the death of Special Agent Bauer." *Id*. Finally, Dr. Inaba concludes that had these things not occurred, "it is more likely than not that Special Agent Bauer would have survived his injuries." *Id*.

In Mr. Anthony Cole's report, he concludes that, "In this incident, numerous moments in the sequence of response events added significant delays to response efforts and were contrary to national standards and local procedures." Attachment B at Page 1, ¶ 2.1.

**II.   LAW & ARGUMENT**

An accused "does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact

is of consequence in determining the action." Fed.R.Evid. 401. Irrelevant evidence is not admissible. Fed.R.Evid. 402. Even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403. Relevant evidence may also because excluded on account of a defendant's failure to comply with procedural requirements. *See Michigan v. Lucas*, 500 U.S. 145, 151 (1991).

In the Government's Motion *in Limine* to Preclude Evidence of Intervening Causation (Doc. 124), the United States demonstrated that the defendant's actions were the proximate and foreseeable cause of the victim's death and asked the Court to preclude any evidence of intervening causation. Rather than recite the entire argument into this motion, the United States incorporates its arguments from Document 124.

> a. <u>Dr. Inaba and Mr. Cole Should be Precluded Because Their Testimony is Irrelevant.</u>

Under the law, because the chain between the defendant's grossly negligent actions and Special Agent Bauer's death has not been broken, any testimony about medical negligence, delay, and/or industry standards related to the treatment and/or transportation of Special Agent Bauer is wholly irrelevant. Indeed, that Special Agent's Bauer's life may have been saved by more skillful or timely medical treatment, even if true, is legally irrelevant here because even if this were true, it would not relieve the defendant of responsibility for Special Agent Bauer's death. To be legally relevant and ultimately relieve the defendant of responsibility for shooting and killing Special Agent Bauer, the substandard level of care or delay must have been extraordinary. *See United States v. Rodriguez*, 766 F.3d 970, 984 (9th Cir. 2014).

Dr. Inaba concludes that absent the medical negligence and/or delays in this case, it is "more likely than not that Special Agent Bauer would have survived his injuries." In making this conclusion, the opposite is also true: with standard care and no delays, Special

Agent Bauer may still have succumbed to his injuries. To be clear, any medical negligence and/or delay did not cause Special Agent Bauer's death; a bullet negligently fired from the defendant's government-issued firearm did. Absent Dr. Inaba's opining as to acts or omissions rising to the level that would allow them to be legally relevant, i.e., to the level of extraordinary negligence or delay, the proposed testimony and his report are irrelevant and should be precluded.

Mr. Cole's testimony is also irrelevant. This proposed testimony and report is quite vague, to the point of likely not even complying with the defendant's obligations under Rule 16(b)(1)(C), because it does not truly state what Mr. Cole's testimony will be. When scrutinized closely it becomes apparent that Mr. Cole's phrasing does not allow the United States or the Court to determine whether the asserted opinion would even be relevant.

The proposed opinion testimony is that "In this incident, numerous moments in the sequence of response events added significant delays to response efforts and were contrary to national standards and local procedures." Attachment B at Page 1, ¶ 2.1. This phrasing does not clarify whether Mr. Cole will testify that the treatment and/or transportation of Special Agent Bauer somehow: 1) simply deviated from generally recognized norms of care, or 2) whether the deviation from general norms of care was extraordinary. Indeed, Mr. Cole's conclusions do not opine on whether the response efforts, in any way, contributed to Special Agent Bauer's death.

There is no way to determine from the defendant's notice of his proposed expert's opinion whether the opinion will be that the level of care fell so far below what is normal and standard as to amount to extraordinary medical negligence or delay. Absent Mr. Cole's opining as to acts or omissions rising to the level that would allow them to be legally relevant, i.e., to the level of extraordinary negligence or delay, the proposed testimony is irrelevant and should be precluded.

Therefore, under Rule 402, the Court should preclude the testimony and reports of Dr. Inaba and Mr. Cole.

///

### b. Dr. Inaba and Mr. Cole Should be Precluded from Testifying Because Their Testimony Creates a Danger of Unfair Prejudice, Confusion of the Issues, Misleading the Jury, and Wasting Time.

Here, Dr. Inaba and Mr. Cole's testimony and reports should also be precluded because the probative value is outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. As noted in Doc. 124, any theoretical medical negligence or delay in treatment was completely foreseeable and, thus, does not break the causation chain. If the Court were to allow Dr. Inaba and Mr. Cole to testify, the United States would be unfairly prejudiced because the defendant would be allowed to present evidence to the jury that is, legally, baseless. Such testimony has the potential of turning this case into a mini-trial on the legally irrelevant issue of the purported negligence of first responders that is not even alleged to be the sole cause of Special Agent Bauer's death. Rather than a trial to determine the defendant's guilt, the trial would be turned into a trial of the first responders, which would require lengthy and complex testimony from medical experts on the issues of medical negligence and/or delay.

With this testimony, the jury could be confused and misled into believing that if the medical staff was negligent, then the defendant is not culpable for Special Agent Bauer's killing. Accordingly, the Court should preclude the testimonies and reports of Dr. Inaba and Mr. Cole.

### c. Dr. Inaba and Mr. Cole Should be Precluded Because the Defendant Did Not Comply With the Requirements of Rule 16 and Local Rule 16.3.

Finally, Dr. Inaba and Mr. Cole should be precluded because the defendant violated the Local Rules of Criminal Procedure for the District of Arizona. The defendant was required to produce his Rule 16 materials to the United States on or before December 6, 2024. The defendant did not finalize the disclosure until December 16, 2024, nearly two weeks late. The United States was then forced to navigate the holiday season to procure a rebuttal expert and was unsuccessful. As a result, the United States was forced to file a

motion to extend its deadline to file its notice of intent to use rebuttal expert testimony. (Doc. 115). As a result of the defendant's untimely discovery, the United States has been prejudiced in that it may not be able to successfully procure a rebuttal expert before the Court's newly imposed deadline of January 17, 2025. (Doc. 117). Consequently, it would be unjust to allow Dr. Inaba and Mr. Cole to testify. Consequently, the Court should preclude Dr. Inaba and Mr. Cole from testifying at trial, a remedy specifically recognized as within the Court's power to regulate discovery in Federal Rule of Criminal Procedure 16(d).

### III. CONCLUSION

Here, Dr. Inaba and Mr. Cole's testimony and reports are irrelevant, would unfairly prejudice the United States, confuse and mislead the jury, and waste time. Here, the defendant's grossly negligent act was the proximate cause of Special Agent Bauer's death. Not only was the need for medical attention foreseeable, but so was the risk of confusion, delay, and uncertainty. In addition, there was nothing extraordinary about Special Agent Bauer's treatment or transport to the hospital that would render holding the defendant responsible for his actions unfair. Under the law, even assuming medical negligence and/or delay existed in this case, the causal chain from the defendant shooting the victim to the victim's death at the hospital is not broken. Therefore, any evidence of medical negligence and/or delay in the treatment and/or transport of Special Agent Bauer that serves to support an intervening cause defense is irrelevant. As such, Dr. Inaba and Mr. Cole's testimony and reports should be precluded.

///

**IV.  PROPOSED LANGUAGE**

Should the Court grant this motion *in limine*, the government respectfully requests that the Court include the following language in its Order:

The testimony and reports of Dr. Kenji Inaba and Mr. Anthony Cole are precluded.

Respectfully submitted this 14th day of January 2025.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/ Nathaniel J. Walters*
> MONICA E. RYAN
> NATHANIEL J. WALTERS
> Assistant U.S. Attorneys