**DISTRICT JUDGE'S MINUTES**
**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA – PHOENIX**

| | |
|---|---|
| **U.S. District Judge:** Steven P. Logan | **Date:** January 21, 2025 |
| **USA v. Larry Edward Brown, Jr.** | **Case Number:** CR-24-00355-001-PHX-SPL |

**Assistant U.S. Attorney:** Monica Ryan and Nathaniel Jacob Walters
**Attorney for Defendant:** Jason Lamm and Jeffrey Jacobson, Retained
**Interpreter:** N/A
**Defendant:** ☒ Present   ☒ Released

**FINAL PRETRIAL CONFERENCE**

9:36 a.m. Court is in session. Defendant present. Trial schedule and procedures discussed. All peremptory strikes will be done simultaneously and in secret. The Government will have seven (7) strikes and the Defendant will have eleven (11). The Court will seat fourteen (14) jurors and select two (2) alternates. Rule of Exclusion is invoked. Defense counsel waives Defendant's presence at sidebar and waives reading of the Indictment. The Court adopts the Joint Pretrial Memorandum (Doc. 112). Discussion held regarding objections to Joint Proposed Voir Dire (Doc. 114). The Court adopts the Joint Proposed Voir Dire (Doc. 114) as modified on the record. The Court adopts the Joint Statement of the Case (Doc. 108) and the Stipulated Preliminary and Mid-Trial Instructions (Doc. 113). The Court will settle Final Instructions and Verdict form at trial. Argument heard on Defendant's Motion *in Limine* No. 1 (Doc. 116). **THE COURT FINDS** as follows: Under Rule of Evidence 701, lay witness opinion testimony cannot be based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Courts within the Ninth Circuit have often determined that questions of medical causation fall within the scope of expert testimony, as medical opinions on causation require training, education, and specialized knowledge. However, treating physicians can be treated as fact, rather than expert, witnesses if their testimony is based on first-hand observations made in the course of treatment. Rule 16 of the Federal Rules of Criminal Procedure governs criminal discovery, and it requires that the government disclose certain information to the defendant in writing for "any testimony that the government intends to use at trial under Federal Rules of Evidence 702, 703, or 705 . . . ." Fed. R. Crim. P. 16(a)(1)(G)(i). Here, to the extent that the Government intends to have Drs. Lim and Sucher provide lay, rather than expert, testimony, there was no need to have either doctor provide an expert disclosure statement under Rule 16. However, the doctors' testimony must be cabined to lay testimony within the scope of Rule 701, which precludes opinions on questions of medical causation. In their Response, the Government contends that they "will not elicit any opinions from Drs. Lim and Sucher that are outside of any treatment they provided to Special Agent Bauer." (Doc. 135 at 1). They anticipate that the surgeons will provide testimony regarding "the diagnosis made, the course of treatment provided, the prognosis anticipated, and the consequences of treatment likely to be encountered." (Id. at 1–2). This would all be permissible lay testimony within the scope of Rule 701. However, in their Notice of Intent, the Government stated that the doctors would testify regarding "*the cause*, nature, and extent of the victim's injuries resulting from the subject gunshot . . . ." (Doc. 111 at 2 (emphasis added)). While Drs. Lim and Sucher may testify as fact witnesses regarding their first-hand observations made in the

Case 2:24-cr-00355-SPL     Document 146     Filed 01/21/25     Page 2 of 4

| | |
|---|---|
| **USA v.** Larry Edward Brown, Jr. | **Date:** January 21, 2025 |
| **Case Number:** CR-24-00355-001-PHX-SPL | Page 2 of 4 |

course of treating the Victim, they cannot opine on expert questions of medical causation. Accordingly, **IT IS ORDERED** granting in part and denying in part Defendant's Motion *in Limine* No. 1 (Doc. 116). Drs. Lim and Sucher may testify as fact witnesses pursuant to Rule 701 regarding their first-hand observations made in the course of treating the Victim, but they cannot opine on expert questions of medical causation. Argument heard on Defendant's Motion *in Limine* No. 2 (Doc. 118). Accordingly, **IT IS ORDERED** denying as moot Motion *in Limine* No. 2 (Doc. 118), without prejudice to Government re-urging the motion at trial if Defendant opens the door under Rule 404(a) regarding Defendant's safe handling of firearms. Parties shall request a sidebar during trial if the Government wishes to re-urge the motion. Argument heard on Defendant's Motion *in Limine* No. 3. **THE COURT FINDS** as follows: Defendant asks this Court to preclude the Government from introducing at trial any evidence that the Victim in this case was a veteran. He argues that such evidence would be irrelevant under Rule 401 and prejudicial or confusing under Rule 403. In Response, the Government states that they "will not introduce any evidence or make any statements that Special Agent Bauer was a veteran." (Doc. 137 at 1). Accordingly, **IT IS ORDERED** denying as moot without prejudice Defendant's Motion *in Limine* No. 3 (Doc. 119). Defendant can re-raise his objection at trial if the Government attempts to introduce any evidence or make any statements that the Victim was a veteran. Argument heard on Defendant's Motion *in Limine* No. 4 and Government's Motion *in Limine* No. 5. **THE COURT FINDS** as follows: "An out-of-court statement is admissible if it was an excited utterance as defined in Rule 803(2)." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1175 (9th Cir. 2002). Rule 803(2) provides that an excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." "At common law, a statement qualified as an excited utterance if three factors existed: (1) there must be an occurrence, startling enough to make the declarant nervous and therefore render a spontaneous and unreflecting utterance; (2) the utterance must have been made before the declarant had time to reflect and misrepresent; and (3) the utterance must relate to the circumstances of the event preceding it." *United States v. Liera-Morales*, 2012 WL 12882768, at *1 (D. Ariz. May 14, 2012). Here, Defendant does not dispute that the first two factors are met, but he contends that the statement has not been shown to relate to the circumstances of the event preceding it because it is vague and ambiguous. However, this Court finds that there has been an adequate showing that the statements made while the Victim was receiving first aid, and specifically the statement that "Larry's an effing idiot," refer to the event preceding it; specifically, the fact that the Victim had just been shot. The statements were made within minutes of the shooting occurring, so regardless of whether the statement that "Larry's an effing idiot" implicates Defendant's guilt, it clearly relates to the fact that Defendant and the Victim had, only minutes before, been alone in the Tower together when the Victim was shot. There is a clear nexus between the statement and the events immediately preceding it. The third prong of the common-law excited utterance inquiry is therefore met, and the statement is admissible as long as it is relevant under Rule 401 and not otherwise excludable under Rule 403. Here, the statement is clearly relevant under Rule 401, as it tends to make Defendant's alleged negligence more probable than if the Victim had not said that "Larry's an effing idiot." As to weighing the probative versus the prejudicial value of the statement under Rule 403, the statement appears to have high probative value. Only Defendant and Victim were present in the Tower when the Victim was shot, and because the Victim ultimately died later that day, there is a strong

need for the few statements he made after the shooting to be admitted into evidence. Defendant has not demonstrated that the high probative value of the Victim's post-shooting statements is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Accordingly, **IT IS ORDERED** denying Defendant's Motion *in Limine* No. 4 (Doc. 120). **IT IS FURTHER ORDERED** granting the Government's Motion *in Limine* No. 5 (Doc. 128). The Victim's post-shooting statements are admissible under the excited utterance hearsay exception in Rule 803(2). Argument heard on Defendant's Motion *in Limine* No. 5 (Doc. 121). **THE COURT FINDS** that photographs 2, 3, 4, 5, and 6 are of probative value as it relates to proving that Special Agent Bauer is deceased, that SA Bauer sustained a perforating gunshot wound to his torso, and that a projectile was recovered from SA Bauer's body. Government agrees not to seek the admission of photograph 1. Accordingly, **IT IS ORDERED** denying Motion *in Limine* No. 5 (Doc. 128). Government can utilize photographs 2-6 and may publish the photographs to the Jury once the appropriate foundation has been laid. Argument heard on Defendant's Motion *in Limine* No. 6 (Doc. 123). **THE COURT FINDS** as follows: Defendant asks this Court to preclude certain IRS-CI training materials, which include definitions of "accidental discharge," "unintentional discharge," and "negligent discharge," from admission at trial. (Doc. 123 at 1–2). However, the Government states that it "will not introduce the identified written materials into evidence at trial" and "will not ask witnesses about the written definitions quoted in Defendant's motion." (Doc. 139 at 1). Accordingly, Defendant's Motion *in Limine* No. 6 (Doc. 123) is denied as moot without prejudice. Defendant can re-raise his objection at trial if the Government attempts to introduce the IRS-CI training materials in question into evidence or questions witnesses about the materials. Argument heard on Government's Motion *in Limine* No. 1 (Doc. 124). 11:26 a.m. Court stands in recess.

11:40 a.m. Court resumes. Same parties and counsel present. **THE COURT FINDS** as follows: "A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). However, a motion *in limine* should not be used to weigh evidence or otherwise usurp the province of the jury. "Due process requires that criminal prosecutions comport with prevailing notions of fundamental fairness and that criminal defendants be afforded a meaningful opportunity to present a complete defense. A defendant is entitled to an instruction on his theory of the case if the theory is legally cognizable and there is evidence upon which the jury could rationally find for the defendant." *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (internal citations and quotation marks omitted). Here, Defendant intends to present evidence that "a cascade of failures . . . are so extraordinary and clearly demonstrate that it would be unfair to hold Defendant responsible for the victim's death." (Doc. 131 at 4). It will be up to the jury to weigh the credibility of Defendant's proffered experts and decide whether that theory is ultimately availing. However, such evidence cannot be excluded as irrelevant under Rule 401 merely because the Government disagrees with this theory of the case. Accordingly, **IT IS ORDERED** denying Government's Motion *in Limine* No. 1 (Doc. 124). As to Government's Motion *in Limine* No. 2 (Doc. 125), **THE COURT FINDS** as follows: "Motions *in limine* that seek exclusion of broad and unspecific categories of evidence . . . are generally disfavored." *Jackson v. County of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016).

| | |
|---|---|
| **USA v.** Larry Edward Brown, Jr. | **Date:** January 21, 2025 |
| **Case Number:** CR-24-00355-001-PHX-SPL | Page 4 of 4 |

Here, the Government fails to identify any individual statements it is seeking to exclude. Its Motion is therefore impermissibly broad. Accordingly, **IT IS ORDERED** denying the Government's Motion *in Limine* No. 2 (Doc. 125). The Government may raise properly tailored objections to particular evidence presented at trial. Argument heard on Government's Motion *in Limine* No. 3 (Doc. 126). **THE COURT FINDS** as follows: It is clear that the opinions proffered by Dr. Kenji Inaba, M.D. and Anthony Cole are relevant to the Defendant's theory of medical negligence as an intervening cause for the Victim's death. To the extent that the Government's Motion *in Limine* No. 3 merely reiterates the arguments it made in its first Motion *in Limine* to Preclude Evidence of Intervening Causation, this Motion will be denied for the same reasons that Motion was denied. And to the extent that the Government takes issue with the qualifications of Defendant's experts, its Motion fails to address any of the Rule 702 factors that would warrant preclusion of an expert witness. Accordingly, **IT IS ORDERED** denying Government's Motion *in Limine* No. 3 (Doc. 126). Argument heard on Government's Motion *in Limine* No. 4 (Doc. 127). **THE COURT FINDS** as follows: As with its previous Motion, the Government fails to address any of the Rule 702 factors regarding the admissibility of expert testimony, and neither of the Government's arguments under Rule 401 or 403 provide grounds to exclude the testimony or report of Mr. Haag. Accordingly, **IT IS ORDERED** denying the Government's Motion *in Limine* No. 4 (Doc. 127). The Court takes Defendant's Motion to Strike Government's Notice (Doc. 140), Defendant's Motion to Withdraw (Doc. 142), and Defendant's Amended Motion to Strike (Doc. 144) **UNDER ADVISEMENT**.

**Court Reporter** Cathy Taylor  
**Deputy Clerk** Molly Williams

**Start:  9:36 am**  
**Stop:   12:11 pm**